UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ATCHAFALAYA BASINKEEPER, ET AL.                    CIVIL ACTION NO.

VERSUS                                             20-651-BAJ-EWD

DAVID BERNHARDT, SECRETARY
UNITED STATES DEPARMENT OF THE INTERIOR, ET AL.

RULING AND ORDER

Before the Court is the Motion to Intervene ("Motion"),[1] filed by Safari Club International ("SCI"). Per this Motion, SCI seeks intervention of right, pursuant to Fed. R. Civ. P. 24(a). Alternatively, SCI seeks to permissively intervene under Fed. R. Civ. P. 24(b)(2) or permission to participate in the case as *amicus curiae*.  The Motion is fully briefed.[2]  Because the requirements of Fed. R. Civ. P. 24(a)(2) are met, the Motion will be granted.

I.      BACKGROUND

Plaintiffs filed a Complaint for Declaratory and Injunctive Relief challenging the U.S. Fish and Wildlife Service's 2016 "delisting of the Louisiana black bear from the U.S. List of Endangered and Threatened Wildlife under the Endangered Species Act."[3] Plaintiffs seek "invalidation" of the U.S. Fish and Wildlife Service's "decision to delist the bear and remove its critical habitat designation, resulting in reinstatement of the listing and critical habitat designation, and reevaluation of the Recovery Plan criteria."[4]

SCI seeks to intervene to "defend the U.S. Fish and Wildlife's 2016 delisting" of the Louisiana black bear from the list of threatened species under the Endangered Species Act

---

[1] R. Doc. 15.
[2] Plaintiffs oppose the Motion. R. Doc. 35. SCI has filed a reply memorandum.  R. Doc. 40.
[3] R. Doc. 1. The Court has jurisdiction over this matter under 28 U.S.C. § 1331 (federal question) and 16 U.S.C.  §§ 1540(c) and (g) (ESA district court jurisdiction and citizen suit provision), among other statutes.
[4] *Id.*

("ESA"), 16 U.S.C. § 1531, *et seq*., and to "represent its own interest and the interests of its members" relating to same,[5] which interests SCI asserts will be impaired if it is not allowed to intervene because these interests "cannot be adequately represented" by current defendants, David Bernhardt, Secretary of the Interior, and Auerlia Skipwith, Director of U.S. Fish and Wildlife Service (the "Federal Defendants").[6] SCI also notes it was "granted intervention of right to defend the delisting [of the Louisiana black bear] in a previous case in which the delisting was challenged," which involved all the plaintiffs in this case and similar claims for relief.[7] The Federal Defendants have taken no position on the Motion.[8] Plaintiffs have filed an opposition memorandum[9] and SCI has filed a reply memorandum.[10]

## II.    LAW AND ANALYSIS

SCI first seeks to intervene as of right pursuant to Fed. R. Civ. P. 24(a).   A party is entitled to mandatory intervention in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest.[11]   While failure to satisfy any of these requirements precludes intervention of right,[12] courts in this Circuit must liberally construe requests for intervention with "doubts resolved in

---

[5] R. Doc. 15-1, pp. 1-2.
[6] R. Doc. 15-1, pp. 1-2, 5-11 (discussing the requirements of Fed. R. Civ. P. 24(a)(2)).
[7] *Id*., referencing *Pub Emps. For Envtl. Responsibility v. Bernhardt*, No. 18-1547-JDB, U.S. District Court for the District of Columbia, at R. Doc. 22 (granting SCI's motion to intervene under Fed. R. Civ. P. 24(a)).
[8] R. Doc. 15, pp. 1-2.
[9] R. Doc. 35.
[10] R. Doc. 40.
[11] *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).
[12] *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist*., 493 F.3d 570, 578 (5th Cir. 2007).

favor of the proposed intervenor."[13]  Plaintiffs do not argue that SCI's Motion is untimely,[14] but do assert that SCI cannot meet the other requirements for mandatory intervention.

### A.    SCI Has Shown Impairment to a Legally Protectable Interest

A proposed intervenor must show a "direct, substantial, legally protectable interest" in the subject of the suit.[15] The interest test has been described as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[16] SCI must also show that this interest will be impaired if the case is disposed of without it.

The subject of Plaintiffs' suit is a challenge to the U.S. Fish and Wildlife Service's decision to remove the Louisiana black bear from the U.S. List of Endangered and Threatened Wildlife under the ESA.  SCI has submitted evidence that it has hundreds of members in the State of Louisiana, some of whom would like to be able to hunt Louisiana black bears.[17]  While Plaintiff argues that SCI cannot establish a legally protectable interest in the outcome of this matter because the real decision of whether Louisiana black bears can be hunted turns on whether the population numbers of the species can support hunting—a decision for the State of Louisiana[18]—this argument ignores the fundamental underlying issue.  Louisiana black bears cannot be hunted while under federal protection.[19] If delisting is maintained, the State of Louisiana has authority to permit

---

[13] *Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 18-514, 2019 WL 1773117, *1 (E.D. Tex. Apr. 23, 2019), *quoting Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016).

[14] R. Doc. 35, p. 9.

[15] *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (citation omitted).

[16] *Id.*, *citing Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203, n.10.

[17] R. Doc. 15-2, ¶ 12 ("Safari Club's purposes encompass support and protection of hunting in Louisiana, including the possibility to hunt Louisiana black bears."); R. Doc. 15-3, ¶ 1 (resident of Louisiana), ¶ 2 (Safari Club member for 16 years), ¶ 10 ("definitely intend to hunt black bears in Louisiana when it is possible"); R. Doc. 15-4, ¶ 1 (resident of Louisiana), ¶ 2 (Safari Club member), ¶ 10 ("I plan to hunt black bear in Louisiana during the first season that the Louisiana Department of Wildlife and Fisheries establishes a season for black bear.").

[18] R. Doc. 35, pp. 12-13.

[19] *See* 16 U.S.C.A. § 1538(a)(1)(B) (unlawful to "take" an endangered species within the United States) and § 1523(19) (defining the term "take" to include "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture or collect").

hunting of black bears,[20] but if Plaintiffs win, SCI's members will be deprived of that possibility.[21] Accordingly, SCI has established an adequate interest in the possibility of receiving that right, and has established potential impairment to that right if Plaintiffs are to prevail,[22] sufficient to support intervention.

### B.    Neither the Federal Defendants nor the State as Intervenor Adequately Protect SCI's Interests

To establish inadequate representation, SCI need only show that the representation of the other parties may be inadequate.[23] This has been characterized by the Fifth Circuit as a "minimal burden."[24]  However, a presumption of adequate representation arises in two situations: 1) "where one party is a representative of the absentee by law"; and 2) when the would-be intervenor has the same ultimate objective as a party of the lawsuit."[25]  When the briefing on this Motion was filed, the State of Louisiana was not yet a party to the suit.[26]  While the Fifth Circuit has held that a federal governmental entity was not a representative of SCI, the court distinguished that situation from one in which the governmental entity was a sovereign, which is presumed to represent the interests of all its citizens.[27]  In *Mayo v. Jarvis*,[28] the court analyzed a similar argument to

---

[20] It is not a stretch that the State of Louisiana could do so, given Plaintiffs' representation that black bear hunting was not unlawful in Louisiana until 1984 (R. Doc. 35, p. 17), and that other states do permit the hunting of black bears. *See* R. Doc. 15-4, ¶ 8 (stating that affiant hunted black bears in Alaska).

[21] *Texas v. United States*, 805 F.3d 653, 659-660 (5th Cir. 2015) (explaining that a legally protectable interest does not necessarily require a showing that the interest is legally enforceable; rather, an interest in opportunities gained or lost by a policy can be the basis for finding such an interest although the would-be intervenors may not be legally entitled to the opportunity).

[22] For example, courts have found proposed intervenors have an adequate legal interest that may be impaired where the lawsuit challenges a regulatory scheme that governs their profession and where the proposed intervenors are the intended beneficiaries of the challenged policy.  *See Wal-Mart Stores, Inc. v. Texas Alcoholic Bev. Comm.*, 834 F.3d 562, 566-67 (5th Cir. 2016) (collecting cases).

[23] *Texas v. U.S.*, 805 F.3d at 661 (citations omitted).

[24] *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996), *citing Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

[25] *Entergy Gulf States, La., LLC*, 817 F.3d at 203 (citations omitted).

[26] The State of Louisiana's Motion to Intervene was granted on August 12, 2021.  R. Doc. 54.

[27] *Entergy Gulf States, La., LLC*, 817 F.3d at 203, n.2.

[28] No. 14-1751, 2015 WL 13700484 (D.D.C. Jan. 21, 2015).

Plaintiffs'--that a state or the federal defendants could adequately represent SCI's interests because the sovereign state (there, Wyoming) is presumed to represent the interests of all its citizens.  In holding that Wyoming did not adequately represent SCI's interest, the *Mayo* court noted that the state has the obligation to represent the interests of all its citizens, while a proposed intervenor's interests may be much narrower.  Thus, while a state might consider the interests of hunters, the state might not give primary consideration to those interests the way SCI would.[29]

The *Mayo* case is instructive.  While SCI shares a common goal with the State of Louisiana and the Federal Defendants to the extent these parties seek to uphold the agency decision to delist the Louisiana black bear, SCI's interest is more narrowly tailored to its members' interests in hunting and conservation.  In contrast, the Federal Defendants may simply seek confirmation of their administrative processes and the State of Louisiana is tasked not just with representing the interests of prospective hunters, but also with protecting animals within its borders—interests that may diverge.  SCI also notes that it may wish to take positions in this case that the Federal Defendants are unable or unwilling to, noting that in the *Pub. Emps. For Envtl. Responsibility v. Bernhardt* case only SCI made the standing argument that ultimately resulted in dismissal.[30]  The objectives overlap, but SCI has explained that its focus in this litigation is both narrower and deeper than the interests of the Federal Defendants (or the State of Louisiana). Accordingly, SCI has also made a sufficient showing that, while the interests of the other defendants overlap with SCI's, those defendants may not adequately protect SCI's interests in this litigation.[31]

---

[29] *Mayo*, 2015 WL 13700484, at *3.

[30] No. 18-1547, 2020 WL 601783, at *3 (D.D.C. Feb. 7, 2020) ("Only Safari Club, not the government, raises the issue of standing.").

[31] While it is critical that intervention not result in unnecessary duplication of effort, SCI has acknowledged such concerns can be alleviated through staggered briefing schedules or coordination between parties. R. Doc. 15-1, p. 10, n.5.

### III.    CONCLUSION

Construing SCI's Motion to Intervene liberally, as is required, SCI has met the requirements for mandatory intervention, such that its alternative arguments regarding permissive joinder and *amicus curiae* will not be analyzed. The parties agree the Motion is timely.  SCI has adequately established a protectable legal interest in the agency decision to delist the Louisiana black bear that will potentially be impaired by the outcome of this litigation were Plaintiffs to prevail.  Although the interests of the Federal Defendants and the State of Louisiana in maintaining the delisting decision overlap with SCI's interest, SCI has also met its minimal burden to show that representation may not be adequate given SCI's narrower and more specific focus. This decision is also in accord with the court's decision in *Pub. Emps. For Envtl. Responsibility v. Bernhardt*, which involved essentially identical parties and similar arguments,[32] and other cases involving challenges to ESA listing decisions in which SCI has been permitted to intervene in cases in support of SCI's conservation and hunting interests.[33]  Accordingly,

**IT IS ORDERED** that the Motion to Intervene,[34] filed by Safari Club International is **GRANTED**. The Clerk of Court is directed to file the Answer by Safari Club International to Complaint for Declaratory and Injunctive Relief[35] into the record.

---

[32] In their opposition memorandum, Plaintiff's do not attempt to distinguish, or even reference, the *Pub. Emps.* case.

[33] *See, e.g.*, *Friends of Animals v. Jewell*, 82 F. Supp. 3d 265, 269–70 (D.D.C. 2015) (noting Safari Club's intervention as defendant-intervenor in case challenging designations of antelope species under ESA); *Humane Soc'y of the United States v. Jewell*, 76 F. Supp. 3d 69, 75 & n.2 (D.D.C. 2014) (noting Safari Club's intervention as part of Hunter Conservation Coalition in case involving challenge to decision delisting grey wolf from ESA).

[34] R. Doc. 15.

[35] R. Doc. 15-6.

**IT IS FURTHER ORDERED** that the Second Amended Scheduling Order remains in effect.[36] SCI shall review the Cross Motion for Summary Judgment,[37] filed by the Federal Defendants, and shall confer with counsel for the State of Louisiana to avoid duplicative briefing.

Signed in Baton Rouge, Louisiana, on October 13, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[36] R. Doc. 61.
[37] R. Doc. 58.